RIPLEY, AYER, MOOR, MACK & WHEELER
*v.* COLBY.

The defendant made a written lease of a stable to certain persons, described in the lease as "S. F. Ripley & Co."

Previous to this, the plaintiffs, being, respectively, proprietors of separate lines of stage coaches, agreed to hire and keep a stable in common, for their coach horses; they took possession of the stable, and furnished money in certain agreed proportions, to pay the rent to the defendant, and the hostler's wages

While thus in possession of the stable, they made certain repairs on it, under an agreement with the defendant that he should pay for them. *Held*, that there was competent evidence that the plaintiffs were partners, under the firm of S. F. Ripley & Co. *Held*, also, that it was no objection to the partner-ship, that it was limited to this single transaction; and that it was no objec-tion to the verdict, that the court declined to instruct the jury whether the plaintiffs would be liable for the rent, in case the stable should be untenant-able.

ASSUMPSIT, on an account annexed, as follows :

1846.

Dec. 24.  To repairing stable on Hanover street in Manchester, as follows :

    To labor on stable,.....................$10.00

    " lumber found to repair stable,.............5.34

    " glass and setting same,..................1.14

1849.

Jan. 16.  To interest after 6 mo., to date, .............1.46

                $17.94

There was a second count for money had and received, $20. The case was tried upon the general issue.

It appeared that Ripley and Ayer were partners in a line of stage coaches to Haverhill, Mass., under the firm of Ayer & Ripley.

Moor was owner of a stage coach to Weare, and Mack & Wheeler were partners in a stage coach to Pittsfield. A witness testified that he kept the books at Manchester for these stage companies and owners, as well as for others, that he kept no books for a firm of S. F. Ripley & Co., and knew no partnership using that style ; that he should understand by that name the firm of Ayer & Ripley, but never knew them to be so called. That in August, 1846, the plaintiffs agreed together to hire a stable for the accommodation of their coach horses at Manchester, and to employ and pay a hostler at their joint expense, and they engaged him to find a stable suitable for their purpose which could be hired ; that he did so, and gave notice to some of them that Colby's stable could be obtained, that he was informed they hired the stable and a hostler, and kept their horses there for about a year ; that he was furnished by them, respectively, with their proportions of the money to pay the rent and to pay the hostler's wages and that he paid them. But that he never knew these five persons to be in company in any business except hiring this stable and hostler. The person employed as hostler testified that he was employed by the plaintiff's and that they together paid him his wages ; that he made the repairs on

the stable and the plaintiffs paid him, but he did not know by what firm the plaintiffs were called ; that they did not purchase the hay and oats required for their horses, in company.

A witness for the defendant testified that he was employed by Ripley to hire the stable of the defendant, for himself and others, and named Mr. Ayer and Mack, but he did not recollect that Wheeler was named, and that he hired the stable for them ; that he wrote two leases from the defendant to S. F. Ripley & Co.

One part of the lease was produced by the plaintiffs, upon a notice which was signed by S. F. Ripley.

The court was requested to instruct the jury, that the tenants under said lease could not avoid payment of the rent by removing from the premises, although they were not tenantable ; but the court, remarking that there was nothing in the case which called for any instruction on that subject, did not so instruct them.

The jury found a verdict for the plaintiffs. The defendant moved that the verdict be set aside and for a new trial :

Because there was, as he contends, no competent evidence that any partnership existed between the plaintiffs, nor that any partnership existed between them under the firm of S. F. Ripley & Co.

Because there being a subsisting written lease between the parties to the contract, as the basis of the relation between them, the alleged subsequent agreement as to repairs, was in consideration of the subsisting arrangement, and varies from the declaration.

Because the court declined to instruct the jury as requested.


Stanyan, and Wells, for the plaintiffs.

The plaintiffs procured the stable and hostlers jointly, and each contributed his proportion of the expense of maintaining the concern. They shared in the profits of the stable, and had it been consumed before their lease expired, would have shared in the loss.

A partnership may be limited to some particular transaction. 4 Johns. Rep., 265 ; 4 Cowen, 282.

Ripley *v.* Colby.

The case finds that the plaintiffs were the persons who hired and carried on the stable on their joint account ; they are identified as the persons comprising the company, who hired the stable and the hostler.

The general issue admits the existence of some partnership, and, the plaintiffs being identified as those engaged in hiring the stable, is sufficient. *Norcross* v. *Clark*, 15 Maine Rep., 80.

The defendant contracted with Ripley and others by the name of S. F. Ripley & Co. The jury have found that all the plaintiffs were of the company. The defendant is estopped to deny the partnership, as much as a party is the existence of a corporation with which he contracts by a particular name. 6 N. H. Rep., 164 ; Angell and Ames on Corporations, 381.

The defendant cannot deny there was such a company. 2 Lord Raymond, 1534 ; 5 Wendell, 478.

*French*, for the defendant.

1. The plaintiffs should be truly described ; and if not it is ground of nonsuit. Colyer on Part., §§ 667, 363 ; *Burnham* v. *Bank*, 5 N. H. Rep., 449 ; Douglass Rep., 373 ; *Grafton Bank* v. *Moore*, 13 N. H. Rep., 100.

2. The plaintiffs were not partners, even if they hired the stable jointly. *Brown* v. *Cook*, 3 N. H. Rep., 64.

A mere joint interest in one transaction cannot constitute a technical partnership to affect the rights of others ; as, for instance, to give partnership creditors the preference, or the survivor the control. The use of a partnership style may estop the parties to deny a partnership, yet they gain no right thereby. Douglas, 653, n.; Ibid. 373.

Part owners are not necessarily partners. 3 Kent, 151 ; 6 N. H. Rep., 97 ; 2 N. H. Rep., 536 ; 8 N. H. Rep., 233.

3. Here were no elements of a partnership, no common interest in the stock, no personal responsibility for partnership engagements. If this be a partnership, there can be no joint liability that is not so.

4. If partners, they are not so under the style alleged, but the style alleged is alleged to be that of another company, Ayer

& Ripley. The defendant has recognized no firm of S. F. Rip ley & Co. The contract is signed by S. F. Ripley alone.

5. The declaration is on an implied contract; but the proof is of a written lease as the basis of the relation of the parties, which forms the consideration for the express promise proved, and so there is a variance. *Moore* v. *Ross*, 7 N. H. Rep., 533.

6. The instructions requested were material, as bearing upon the probability of the defendant's authorizing the repairs.

PERLEY, J. The evidence reported in this case is direct to the fact that the plaintiffs were in possession of the defendant's stable, and that they caused the repairs to be made, for which the action is brought. None of the exceptions taken by the defendant relate to evidence introduced to prove that the repairs were made by the plaintiffs, and that the defendant was bound to pay the plaintiffs for them. But the exceptions go on the ground that though the repairs were made by the plaintiffs for the defendant, and he is liable to pay the plaintiffs for them, yet the plaintiffs cannot recover in this suit, because the evidence was not sufficient to show that the plaintiffs were partners ; because, if partners, they are not shown to have been so, under the name and style they use in their writ ; and because they have declared in general indebitatus assumpsit, and not on or according to the lease, under which they occupied the premises.

The defendant gave in evidence the lease under which the plaintiffs occupied, and in that lease the lessees are described as *" S. F. Ripley & Co."* In any question arising directly under the lease, the defendant would be estopped to deny that the lessees were a partnership, using the style of S. F. Ripley & Co., and though not in this case matter of estoppel, the lease of the defendant is clearly competent evidence that there was such a firm as S. F. Ripley & Co., to which he had demised the premises. The fact that the lease produced by the plaintiffs, on notice from the defendant, is signed by Ripley only, is by no means conclusive that the lease was understood to have been made to Ripley alone, under the name of S. F. Ripley & Co. The case does not show that the lease was made in exact counterparts.

If the defendant had chosen to produce his own lease, instead of calling for that held by the plaintiff, it would have been very likely to show that the defendant held the other plaintiffs, as well as Ripley, responsible, as his tenants, for the rent.

Was the evidence competent to show that the plaintiffs constituted the firm of S. F. Ripley & Co. ?

The evidence was direct that the plaintiffs agreed to hire a stable for their common use ; that they afterwards occupied this stable according to this agreement ; that they furnished money in the stipulated proportions to pay their hostler and to pay the rent. They made these repairs on the building, while they so occupied it. They entered and held under a lease made by the defendant to S. F. Ripley & Co. This must be held competent and quite satisfactory evidence that the plaintiffs were partners under the firm of S. F. Ripley & Co., and as such, made the repairs in question.

It is no objection to the partnership, that it was limited to a single transaction. Story on Partnership, 107.

If we understand the next objection of the defendant, it is in substance this : When the repairs were contracted to be made, the plaintiffs were in possession of the stable under a written lease ; and therefore the declaration should have been on the lease.

It is not suggested that the lease contained any stipulation for repairs. The plaintiff's evidence was of a contract subsequent to the lease, and so far as the case shows, wholly independent of it. We are at a loss to understand how the lease could be properly introduced into a declaration on an agreement not contained in the lease, nor in any way connected with it. The action appears to be properly brought in general indebitatus assumpsit.

As to the instructions moved for respecting the plaintiffs liability to pay rent in case the premises were not tenantable ; the plaintiffs held under a written lease, which is not in the case ; we have no means of deciding whether, under the lease, the plaintiffs would be bound to pay rent if the premises were not tenantable. There is no evidence reported, tending to show that the premises

were not tenantable.   Nothing here shows that the instructions were in any way material.

*Judgment on the Verdict.*